SAMUEL H. BLAKE and another,

*vs.*

BANGOR SAVINGS BANK.

Penobscot.   Opinion August 1, 1884.

*State lands.   Public lots.*

In 1864, in pursuance of a resolve of the legislature, 23,040 acres of township No. 11, Range 17, W. E. L. S., in Aroostook county, were by the state conveyed to four academies, and by subsequent conveyances to the Bangor Savings Bank. In 1875, the remainder of the township, except 230 acres reserved for public uses, were conveyed by the state to the plaintiffs, and also the right to cut and carry away the timber and grass on the lands reserved for public uses. In 1881, the bank permitted timber to be cut from that part of the township owned by it, and received pay therefor. In assumpsit for money had and received against the bank to recover a ratable proportion of the amount received for the stumpage, on the ground that one thousand acres ought to have been reserved for public uses from that portion of the township held by the bank. *Held,*

1. That the action could not be maintained.

2. That the plaintiffs' license to cut the timber and grass on the public lots only applied to the public lots reserved from that portion of the township conveyed to them.

3. That if public lots must be regarded as reserved upon this township, they must be located upon the portion last conveyed by the state.

ON REPORT.

Assumpsit on account annexed and for money had and received.

The description in the land agent's deed, under which the defendant bank holds title, was as follows :

"All that part of township No. 11, in Range 17, W. E. L. S., which lies east of a line drawn across the town from north to

south, parallel with the east line thereof and six miles distant westerly therefrom, containing 23,040 acres more or less. " No exception or reservation of any kind was made in the deed.

In the land agent's deed to the plaintiffs, the description was, "the west part of township No. 11, in Range 17, W. E. L. S., containing, exclusive of the reservation, 6671 acres more or less, reserving from said west part of said township, for public uses, 230 acres, averaging in quality and situation with other lands in said township. " And at the same time the land agent conveyed to the plaintiffs "the right to cut and carry away the timber and grass from the lots reserved for public uses in township number eleven, in the seventeenth range, W. E. L. S., to continue until the township shall be incorporated into a town, or organized into a plantation. "

No incorporation or organization has ever been had, nor has there been any location of the public lots reserved in plaintiffs' deed, nor of any lots for public uses in the whole township.

Other material facts stated in the opinion.

*Powers and Powers*, and *E. H. Blake*, for the plaintiffs.

*A. W. Paine*, for the defendant.

WALTON, J.   It appears that township No. 11, Range 17, W. E. L. S., in Aroostook county, contains 29,941 acres.

In 1864, January 8, in pursuance of a resolve of the legislature, 23,040 acres, on the easterly part of the township, were conveyed to four academies, and by subsequent conveyances became the property of the Bangor Savings Bank.

In 1875, October 28, the remainder of the township, except two hundred and thirty acres reserved for public uses, was conveyed to the plaintiffs; and also the right to cut and carry away the timber and grass on the lands reserved for public uses.

In 1880–1, the Savings Bank "permitted" timber to be cut from that part of the township owned by the Bank, and received pay therefor.

The plaintiffs claim to recover of the Bank a portion of the money thus received on the ground that, although no lands were

reserved for public uses on that part of the township to which this "permit" applied, still, a thousand acres ought to have been reserved, and that they are entitled to a ratable portion of the money received for stumpage, the same as if a thousand acres had in fact been reserved.

We do not think this claim can be maintained. It seems to us that the plaintiffs' license to cut and carry away timber and grass from the lands reserved for public uses, applies only to such lands as were in fact reserved, and not to lands not reserved, even if it should be admitted that a further reservation ought to have been made. Fairly and rationally construed, it seems to us that the language of the plaintiffs' deed can be applied only to existing facts, — that is, to lands already actually reserved, — and not to lands which, if it be admitted that they ought to have been reserved, were not. On that part of the township conveyed to the plaintiffs, such a reservation had been made. On that part owned by the Savings Bank, such a reservation had not been made. We think the plaintiffs' deed applies only to the former and not to the latter. And it is the opinion of the court that if public lots must be regarded as reserved upon this township, they must be located upon the portion last conveyed, and not upon the portion first conveyed, and, consequently, that it is the plaintiffs' lands, if any, that must bear the burden, and not the lands of the defendants. We do not think the plaintiffs have, or ever had, a right to cut timber or grass on that part of the township now owned by the Savings Bank. Consequently, they are not entitled to any portion of the money received by the Savings Bank for stumpage.

Other objections to the plaintiffs' right to recover, are urged in defense; but it is unnecessary to consider them, as the one already referred to, is, in the opinion of the court, fatal to a recovery.

*Plaintiffs nonsuit.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.